MaNly, J.
 

 The bond of the trustee, Eloyd, taken by the Court of Equity for Bertie, was a paper of a cause in that Court, and under its control. It was taken on the occasion of Eloyd’s appointment to the trust of.Skiles’s estate, made payable to the master, and could only be used by Skiles, or one claiming through him, by leave of the Court. The instrument was designed by the Court as a means of enabling it to enforce the execution of the trust, and should be-retained, according to usage, as a security for any sum judicially ascertained to be due from the trustee to this fund. Hence, it was improper for the master to allow the representative of Skiles, upon his own motion, to
 
 take
 
 control of the bond, as of a bond payable to, his intestate, and sue upon the same. It should have been retained by him subject to the purposes intended, under the control of the Court.
 

 We are of opinion, therefore, upon the filing of the bill by the trustee for an account, it was proper to suspend the prosecution of the suit at law, until the account were'taken; when, if a balance should be found due
 
 tq
 
 the administrator, the action on the bond could be resorted to for securing its payment.
 

 We do not impugn the general principle heretofore adopted by our courts, of not staying the
 
 tried
 
 at law, but only the
 
 execution
 
 after judgment. The case before us is excepted from the operation of that principle, by the character of the suit, and the instrument sued on. The bond belongs to the office of the Court of Equity, and,] is under the control of the Court. The Court, therefore, has the power, and ought to have forbid its use whenever the occasion or object is disapproved.
 

 The bill in equity is so manifestly the most appropriate and
 
 *185
 
 adequate means of having a settlement of a trust estate, that we think the Court entirely j ustified in declining to allow the bond and an action upon it at law, to be used, primarily, for such a purpose. The bond ought to have been regarded only as a security for an ascertained balance. This view steers clear of any conflict with the case of
 
 Williams
 
 v.
 
 Sadler,
 
 4 Jones’ Eq. 378, which has been called to our attention. Ours is-not the case of a party litigating a matter both at law and in equity, through rights of proceeding equally open to him. The action at law is upon an office instrument which could not be properly put in suit without leave, and for which leave ought not to have been given in the case in question.
 

 The objection to the bill for the want of a necessary party defendant, viz: Henry Skiles, son of the
 
 eestid qyd trust,
 
 we think is untenable.
 
 He
 
 is sufficiently represented by the administrator Gilliam.
 

 The equity of the bill for an account is unquestionable, and an account should, accordingly, be ordered. In the mean time, the injunction upon the suit at law should be continued' until further order.
 

 Pee OueiaM, Decree for an injunction and account.